UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------
NESSIA L.P.,

                      Plaintiff,        DECISION AND ORDER
                                               1:24-CV-01111-GRJ

     v.

COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.
------------------------------------------------------

GARY R. JONES, United States Magistrate Judge:

     In July of 2020, Plaintiff Nessia L.P.[1] applied for survivor's disability benefits under the Social Security Act. The Commissioner of Social Security denied the application. Plaintiff, represented by the Law Office of Charles E. Binder and Harry Binder, LLP, Charles E. Binder, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3). The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 22).

     This case was referred to the undersigned on October 8, 2024. Presently pending are the parties' requests for Judgment on the Pleadings

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure. For the following reasons, Plaintiff's request is due to be granted and this matter is remanded for further administrative proceedings.

## I. BACKGROUND

### A. *Administrative Proceedings*

Plaintiff applied for benefits on July 7, 2020, based on the earnings record of her ex-husband, James Keith Sonnier (the "Insured"), who passed away on July 18, 2020. (T at 108-109).[2] Plaintiff's application was denied initially and on reconsideration. She requested a hearing before an Administrative Law Judge ("ALJ").

A hearing was held on December 6, 2022, before ALJ Joani Sedaca. (T at 30-63). Plaintiff appeared *pro se* and testified. (T at 39-63).

### B. *ALJ's Decision*

On January 24, 2023, the ALJ issued a decision denying the application for benefits. (T at 21-29). The ALJ found that Plaintiff validly married the Insured on November 15, 1987. (T at 25). However, the ALJ determined that because Plaintiff and the Insured divorced on October 27, 1997, Plaintiff was not married to the Insured for at least 10 years, as required for her to be eligible for benefits based on his earnings record

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 8.

under 20 CFR 404.336 (a)(2). (T at 25-26). As such, the ALJ found that Plaintiff was not entitled to either surviving divorced spouse benefits or a lump sum death payment. (T at 26).

On December 18, 2023, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-6).

C.   *Procedural History*

Plaintiff commenced this action, by and through her counsel, by filing a Complaint on February 12, 2024. (Docket No. 1). On August 9, 2024, Plaintiff filed a brief requesting judgment on the pleadings. (Docket No. 23). The Commissioner interposed a brief requesting judgment on the pleadings, on September 13, 2024. (Docket No. 24). On September 25, 2024, Plaintiff submitted a reply brief. (Docket No. 25).

## II. APPLICABLE LAW

A.   *Standard of Review*

Judicial review of the Commissioner's denial of survivor's benefits involves two inquires. *See Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987). First, the court considers whether the Commissioner followed applicable law. *See Tejada v. Apfel*, 167 F.3d 770, 773 (2d Cir. 1999).

Second, the court determines whether the denial of benefits is supported by substantial evidence. *Id.*

"Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

B.    *Survivor's Insurance Benefits*

A surviving spouse may claim benefits based on the earnings record of a deceased, insured wage earner even if they were divorced, provided

the couple was (a) validly married under applicable State law and (b) married for at least 10 years before their divorce became final. 20 C.F.R. § 404.336.

### III.  DISCUSSION

In the present case, Plaintiff and the Insured were validly married in New York State on November 15, 1987. (T at 112).  Their marriage ended in divorce on October 27, 1997. (T at 77).  There is no dispute that this marriage, which lasted 9 years, 11 months, and 12 days, is just short of satisfying the 10-year requirement for Plaintiff to claim survivor's benefits.

Plaintiff argues that she was in a common law marriage with Insured prior to their formal marriage in 1987.  Plaintiff contends that the ALJ erred in failing to develop the record regarding her martial status and that the Commissioner should consider new evidence that she believes satisfies the marital duration requirement.

The validity of a marriage is determined under the law of the state where the decedent was domiciled at the time of death. *Weiner v. Astrue*, No. 09 CIV. 7088 (SAS), 2010 WL 691938, at *4 (S.D.N.Y. Mar. 1, 2010).

The Insured lived in New York State when he died. (T at 77).

New York State does not permit common law marriages but recognizes them if valid in the state where they were formed. *Da Costa v.*

*O'Malley*, No. 23-CV-6396-RWL, 2024 WL 3426776, at *3 (S.D.N.Y. July 16, 2024)(citing *Renshaw v. Heckler*, 787 F.2d 50, 52 (2d Cir. 1986)).

During the administrative hearing, Plaintiff appeared to recognize that her marriage did not meet the formal 10-year duration requirement but testified that she lived with the Insured for 17 years at the same address. (T at 42, 45, 47-48). The ALJ asked about the cohabitation; Plaintiff testified that she and the Insured lived together in New York. (T at 48).

When the ALJ noted that New York does not recognize common law marriage, Plaintiff understood but bemoaned the unfairness of a rule that would deny her benefits based on technicalities. (T at 49-50, 59-60).

After the ALJ denied Plaintiff's application for benefits, she sought reconsideration. In a letter submitted in support of her request, Plaintiff acknowledged that her marriage did not satisfy the durational requirement but noted that she met the Insured in December of 1981 and began living with him in Manhattan in January of 1982. (T at 76). Plaintiff argued that although she and the Insured "did not plan to get married," they were "de facto husband and wife" from 1982 to 1986. (T at 76). She became pregnant in June of 1987 and married the Insured in October of that year at the request of her parents. (T at 76-77).

Plaintiff, now represented by counsel, submitted additional evidence in connection with this case. In a notarized statement attached to counsel's brief to this Court, Plaintiff alleged that her English is "poor" and explained that, during her relationship with the Insured, they spent time visiting Colorado and Pennsylvania. (Docket No. 23-1). During these visits, Plaintiff and the Insured cohabitated and held themselves out as husband and wife. (Docket No. 23-1, at p. 2).

Plaintiff also provided the text of an e-mail from Rachel Wolf, who stated that her father, Daniel, was a friend of Plaintiff who recalled visits with Plaintiff and Insured in Colorado. (Docket No. 23-1, at p. 4). Ms. Wolf alleges that her father "always thought [Plaintiff and Insured] were a married couple because they acted like it." (Docket No. 23-1, at p. 4).

Citing her *pro se* status during the administrative proceedings and English language limitations, Plaintiff argues that the ALJ erred by failing to develop the record concerning her visits to Colorado and Pennsylvania, both of which recognize common law marriage. In the alternative, Plaintiff asserts that a remand is appropriate to allow the Commissioner to consider new and material evidence, *i.e.* her statement and the e-mail from Ms. Wolf regarding the out-of-state visits.

The Commissioner contends that a remand is not necessary. The Commissioner cites Plaintiff's testimony during the administrative hearing that she and Insured lived in New York during the period at issue (T at 48) and the statement in her reconsideration request that she and the Insured "did not plan to get married" prior to her pregnancy in 1987. (T at 76).

The Commissioner argues that the newly submitted evidence is insufficient to establish a common law marriage in either Colorado or Pennsylvania and is, in any event, contradicted by Plaintiff's admission that she and Insured did not intend to marry before she became pregnant.

A court may order the Commissioner to consider additional evidence, "but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g).

Thus, the proffered evidence must be "(1) 'new' and not merely cumulative of what is already in the record," and (2) "material, that is, both relevant to the claimant's condition during the time period for which benefits were denied and probative." *Tirado v. Bowen*, 842 F.2d 595, 597 (2d Cir. 1988)(internal citations omitted).

For the following reasons, the Court finds a remand is appropriate to allow the Commissioner to consider additional evidence as to whether

Plaintiff can establish the existence of a common law marriage during the relevant time period.

First, the Commissioner does not appear to dispute that Plaintiff's *pro se* status during the administrative process and alleged language limitation satisfy the "good cause" requirement. *See, e.g., Beede v. Comm'r of Soc. Sec.*, No. 1:12-CV-1072, 2013 WL 5217673, at *8 (N.D.N.Y. Sept. 16, 2013)("Although Plaintiff could (presumably) have obtained opinions from his treating providers prior to the administrative hearing, he was acting *pro se* during that time, which is a relevant factor in determining whether good cause has been shown.")(collecting cases).

Second, regarding the question of materiality, the Commissioner places undue emphasis on Plaintiff's statement that she and the Insured "did not plan to get married" prior to her pregnancy in 1987.  In context, it is apparent Plaintiff was referring to a formal marriage and was not disavowing the existence of a common law marriage.  To the contrary, in the very document the Commissioner references, Plaintiff stated that she considered herself in a "common law marriage" and that she and the Insured were "de facto husband and wife." (T at 76).

The Court offers no opinion on whether Plaintiff has, or can, establish a common law marriage under the laws of Colorado and/or Pennsylvania.

But Plaintiff has adduced sufficient evidence to establish that further proceedings would not be futile and that a remand is warranted. *See Renshaw*, 787 F.2d at 54(finding that plaintiff established common law marriage in Pennsylvania by, *inter alia*, cohabitating in the state on 8 occasions).

The weighing of conflicting evidence on an issue material to the disability determination is properly performed in the first instance by the Commissioner and not by this Court. *See generally Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir. 1998)("It is for the SSA, and not this court, to weigh the conflicting evidence in the record.").

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff is granted judgment on the pleadings and this matter is remanded for further administrative proceedings consistent with this Decision and Order.

Dated: November 18, 2024          *s/ Gary R. Jones*
                                                       GARY R. JONES
                                                       United States Magistrate Judge