UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------
NESSIA L.P.,

Plaintiff,

DECISION AND ORDER
1:24-CV-01111-GRJ

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.
---------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

In July of 2020, Plaintiff Nessia L.P.[1] applied for survivor's disability benefits under the Social Security Act. The Commissioner of Social Security denied the application. Plaintiff, represented by the Law Office of Charles E. Binder and Harry Binder, LLP, Charles E. Binder, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3). The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 22).

This case was referred to the undersigned on October 8, 2024.

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

On November 18, 2024, the Court entered a Decision and Order remanding this case for further administrative proceedings. (Docket No. 26). Judgment in Plaintiff's favor was entered on November 19, 2024. (Docket No. 27).

On November 20, 2024, the Court entered an order approving a Stipulation Awarding Attorneys' Fees pursuant to the Equal Access to Justice Act ("EAJA"), in the amount of $5,203.98. (Docket No. 29).

On remand, the Commissioner awarded Plaintiff benefits. (Docket No. 32-1, at p. 7-12).

Presently before this Court is Plaintiff's motion for attorneys' fees pursuant to 42 U.S.C. § 406 (b)(1), supported by a memorandum of law, attorney affirmation, and reply. (Docket Nos. 30, 31, 32, 34). The Commissioner neither supports nor opposes the motion. (Docket No. 34).

For the reasons set forth below, the Court approves the fees in the amount requested.

## DISCUSSION

### *A. Standard of Review*

Section 406(b) provides, in pertinent part, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its

> judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A).

As such, as the Supreme Court of the United States has explained, "a prevailing [disability] claimant's [attorneys'] fees are payable only out of the benefits recovered; [and] such fees may not exceed 25 percent of past-due benefits." *Gisbrecht v. Barnhart*, 535 U.S. 789, 792, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002).

If the claimant entered into a contingency fee agreement with counsel, the court applies Section 406(b) "to control, not to displace, fee agreements between Social Security benefits claimants and their counsel." *Id*. at 793.

"When considering a motion for attorney's fees pursuant to § 406(b), the court first determines whether it was timely made ... and then reviews the request for reasonableness." *Johnson v. Kijakazi*, 20-CV-2630 (BCM), 2022 WL 17718336, at *4 (S.D.N.Y. Dec. 15, 2022) (citation omitted).

*B. Timeliness*

The timeliness of an attorneys' fees motion is generally governed by Federal Rule of Civil Procedure 54(d), which requires motions to "be filed no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(i); *see also Sinkler v. Berryhill*, 932 F.3d 83, 88 (2d Cir. 2019) ("Once counsel receives notice of the benefits award ... there is no sound reason not to apply [Rule 54(d)'s] fourteen-day limitations period to a § 406(b) filing, just as it would apply to any other final or appealable judgment.").

Here, the Notice of Award is dated August 31, 2026. (Docket No. 32-1, at p. 11). Plaintiff's counsel received the notice on September 9, 2026. (Docket No. 32-1, at p. 12). Plaintiff's motion for attorney's fees, filed on September 21, 2026, was, therefore, timely.

*C. Reasonableness*

To determine whether a lawful contingent fee agreement is reasonable, the court considers factors such as the character of the representation, the results achieved, the ratio between the amount of any benefits awarded and the time expended, and any undue delay attributable to counsel that caused an accumulation of back benefits. *Gisbrecht*, 535 U.S. at 808; *see also Fields v. Kijakazi*, 24 F.4th 845, 853 (2d Cir. 2022).

Plaintiff retained counsel and agreed that counsel would receive a contingency fee of twenty-five percent of any past due benefits obtained. (Docket No. 32-1, at p. 2-3). There is no evidence in the record that would give cause for concern as to the quality of counsel's representation or as to any delay attributable to counsel.

Plaintiff's counsel obtained a favorable result, including a remand for further proceedings and award of benefits. Plaintiff's counsel provided detailed time records showing a total of 20.70 hours expended in federal court. (Docket No. 32-1, at p. 5).

This is within the range of hours considered reasonable by courts in this District. *See* B*ass v. Kijakazi*, 16 Civ. 6721 (JCM), 2022 WL 1567700, at *4 (S.D.N.Y. May 18, 2022) (internal quotations omitted)("District courts within this Circuit endorse a twenty to forty-hour range as reasonable for a typical Social Security disability appeal in federal court.")(collecting cases).

The amount sought by counsel ($45,524.20) translates into an effective hourly rate of $2,199.24, which is on the higher end of, but within, the range of effective hourly rates that have been deemed reasonable by courts in this Circuit. *See Kazanjian v. Astrue*, No. 09 Civ. 3678 (BMC), 2011 WL 2847439, at *2 (E.D.N.Y. My 15, 2011) (approving $2,100 hourly rate).

Accordingly, under the totality of the circumstances, the Court finds that counsel's requested fee of $45,524.20 is reasonable under the applicable legal standard, subject to the requirement that the fee award must be offset by the previous EAJA award. *See Gisbrecht*, 535 U.S. at 796.

## CONCLUSION

For the reasons set forth above, the Court GRANTS Plaintiff's motion (Docket No. 30) and approves fees of $45,524.20, to be paid from the amount withheld by the Commissioner from Plaintiff's past-due benefits. In view of the previous EAJA award, counsel is directed to refund $5,203.98 from those fees to Plaintiff.

Dated: October 2, 2026

s/ Gary R. Jones
GARY R. JONES
United States Magistrate Judge